IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BRIAN CHARLES VAETH,

    Plaintiff,

    v.                        CIVIL NO.: WDQ-11-0182

MAYOR AND CITY COUNCIL OF
BALTIMORE CITY, et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Brian Charles Vaeth sued the Mayor and City Council of Baltimore City (collectively the "City"[1]) and others[2] for violations of the Americans with Disabilities Act of 1990[3] (the "ADA") and other claims. Pending are the Defendants' motion to

---

[1] When a plaintiff nominally sues the mayor and city council, the Defendant is actually the city. *Dionne v. Mayor and City Council of Baltimore*, 40 F.3d 677, 680 n.5 (4th Cir. 1994).

[2] The other Defendants are the Board of Trustees of the Fire and Police Employees' Retirement System of the City of Baltimore (the "Retirement System"); Baltimore City Solicitor George Nilson; James Levy, Medical Director of the Baltimore City Public Safety Infirmary; Frederick McGrath, a former hearing examiner for the Retirement System; Retirement System Executive Director Thomas P. Taneyhill; former Retirement System Chairman Stephan G. Fugate; and Baltimore City Fire Department Chief James T. Clack. Vaeth also sued Robert J. Sledgeski, president of the Baltimore firefighters' union, but the Court dismissed the suit against him. ECF No. 24.

[3] 42 U.S.C. §§ 12101, *et seq.*

dismiss or for judgment on the pleadings[4] and Vaeth's motions for leave to disqualify defense counsel and for more time to reply to the Defendants' opposition to that motion. No hearing is necessary. See Local Rule 105.6 (D.Md.2011). For the following reasons, the Defendants' motion to dismiss or for judgment on the pleadings will be granted, and Vaeth's motions for leave to disqualify defense counsel and for more time to reply will be denied as moot.

I. Background[5]

In 1996, Vaeth injured his back while working as a firefighter for the Baltimore City Fire Department.[6] On March

---

[4] On April 1, 2011, the Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), ECF. 10, but the City, Clack, and Nilson had filed answers to the complaint on March 25, 2011, ECF Nos. 5-7. Accordingly, the Court will treat the motion as a motion to dismiss or for judgment on the pleadings under Fed. R. Civ. P. 12(c). See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405 (4th Cir. 2002) (a motion to dismiss filed after an answer is construed as a motion for judgment on the pleadings). "[T]he distinction is one without a difference," because the same standard of review applies to both motions. Id. at 405-06.

[5] For the motions to dismiss and for judgment on the pleadings, the well-pled allegations in Vaeth's complaint are accepted as true. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

[6] Vaeth v. Bd. Of Trs., Fire & Police Emps. Ret. Sys. of Balt. City (Vaeth I), RDB-08-0708, 2009 WL 2487076, at *1 (D. Md. Aug. 11, 2009), aff'd 402 Fed. App'x 786 (4th Cir. 2010) (per curiam). In reviewing motions to dismiss, the Court may consider not only the allegations in the complaint, but matters of public record and documents attached to the motion to dismiss

2

23, 2000, Defendant Levy decided that Vaeth's back injury made him unable to perform a firefighter's duties. *Vaeth I*, 2009 WL 2487076, at *2; Mem. of Law in Supp. of Defs'. Mot. to Dismiss 1. On September 5, 2000, Vaeth appealed for disability benefits. *Vaeth I*, 2009 WL 2487076, at *2. Defendant McGrath, a hearing examiner, denied Vaeth full line-of-duty benefits but offered him non-line-of-duty retirement benefits. *Id*. Vaeth declined the award. *Id*.

In January 2001, Vaeth returned to work, but his back pain persisted. *Id*. In July 2002, Levy again determined that Vaeth's back injury made him unable to perform a firefighter's duties. *Id*. December 28, 2002 was Vaeth's last day of work. *Id*.

On August 31, 2003, Vaeth again sought full line-of-duty disability benefits. *Id*. McGrath denied Vaeth line-of-duty benefits and non-line-of-duty retirement benefits. *Id*. Vaeth was not offered employment. *Id.*; Mem. of Law in Supp. of Defs'. Mot. to Dismiss 3.

On March 17, 2008, Vaeth sued the City, the Retirement System, McGrath, and Baltimore City Fire Chief William J.

---

that are integral to the complaint and authentic. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Judge Richard D. Bennett's opinion in an earlier Vaeth suit in this Court is a public record. The Defendants attached a copy of that opinion to their motion to dismiss, and Vaeth referred to that case in his complaint.

Goodwin in this Court for disability discrimination under the ADA and the Rehabilitation Act of 1973,[7] discriminatory retaliation under the Maryland Fair Employment Practices Act[8] (the "MFEPA"), violations of due process and equal protection under the Fourteenth Amendment, judicial misconduct, and breach of contract. *Vaeth I*, 2009 WL 2487076, at *1. On August 11, 2009, Judge Richard D. Bennett dismissed Vaeth's case with prejudice. *Id.* at *3. Judge Bennett found that Vaeth's ADA and Rehabilitation claims were time-barred,[9] the MFEPA did not apply to Vaeth's case,[10] Vaeth's failure to exhaust administrative remedies undermined his claims of breach of contract[11] and due

---

[7] 29 U.S.C. §§ 701, *et seq.*

[8] Md. Code Ann., State Gov't, §§ 20-601 *et seq.* (formerly Md. Code Ann., Art. 49B, § 14 *et seq.*).

[9] Vaeth failed to file a charge with the Equal Employment Opportunity Commission (the "EEOC") within 300 days of the alleged discriminatory action, as required by the ADA. *Vaeth I*, 2009 WL 2487076, at *3. The Rehabilitation Act claim was untimely because Vaeth waited more than three years after the last denial of benefits to sue. *Id.* at *4.

[10] The MFEPA took effect on October 1, 2007; the act did not cover the alleged discriminatory actions against Vaeth. *Vaeth I*, 2009 WL 2487076, at *4.

[11] Vaeth failed to seek administrative review of his termination, as required by his labor contract. *Vaeth I*, 2009 WL 2487076, at *5.

4

process and equal protection violations,[12] and the Court did not recognize a claim for judicial misconduct. *Id.* at *3-*5.

On January 19, 2011, Vaeth filed this lawsuit. ECF No. 1. On March 25, 2011, Defendants Nilson, Clack, and the City filed answers. ECF Nos. 5-7. On April 1, 2011, all the Defendants filed a motion to dismiss. ECF No. 10. On April 21, 2011, Vaeth opposed that motion.[13] ECF No. 14. On May 31, 2011, Vaeth moved to disqualify Baltimore City Assistant Solicitor Sabrina Willis as defense counsel. ECF No. 20. On June 14, 2011, Defendants opposed that motion. ECF No. 21. On July 8, 2011, Vaeth moved for an extension of time to file a reply. ECF No. 25.

II. Analysis

A. Motion to Dismiss or for Judgment on the Pleadings

1. Standard of Review

Courts apply the same standard to review Rule 12(c) motions for judgment on the pleadings and motions to dismiss for failure to state a claim under Rule 12(b)(6). *Burbach Broad. Co. of Del.*, 278 F.3d at 405. Rule 12(b)(6) motions test the legal

---

[12] Vaeth did not seek a state court review of the denial of benefits determinations. *Vaeth I*, 2009 WL 2487076 at *5. Similarly, Vaeth failed to appeal his termination to a Baltimore Civil Service Commission hearing examiner. *Id.*

[13] The Defendants did not reply to Vaeth's opposition, and the time to reply has passed. *See* Local Rule 105.2 (reply must be filed within 14 days after service of the opposition).

sufficiency of a complaint, but do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

2. Defendants' Motion

In moving to dismiss or for judgment on the pleadings, the Defendants argue that Vaeth's suit is *res judicata*; his ADA, Rehabilitation Act, and tort claims are not timely; his failure to exhaust administrative remedies undermines his due process and equal protection claims; and Vaeth failed to give the notice required under the Local Government Tort Claims Act. Mem. of Law in Supp. of Defs'. Mot. to Dismiss 4-13.

a. Claim Preclusion

The doctrine of *res judicata*, or claim preclusion, bars re-litigation of a claim that was decided or could have been decided in an earlier lawsuit. *Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F. Supp. 2d 566, 570 (D. Md. 2000). The purpose of the doctrine is to preclude parties from "contesting matters that they have had a full and fair opportunity to litigate," conserve judicial resources, and minimize the possibility of inconsistent decisions. *Montana v. United States*, 440 U.S. 147, 153-54 (1979). The doctrine applies when: (1) a court with competent jurisdiction has entered a final judgment on the merits in the earlier lawsuit, (2) the parties in both actions are identical or in privity, and (3) the claim in the second action is based on the same cause of action in the earlier proceeding. *See Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003).

Privity exists when a non-party to the earlier litigation is "so identified in interest with a party . . . that he represents precisely the same legal right in respect to the subject matter involved." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.2d 643, 651 (4th Cir. 2005) (internal citations and quotation marks omitted). A government agency is in privity

with its employees, co-workers, and administrators acting in their official capacities.[14]

The claim in a second action is based on the same cause of action in an earlier proceeding if it "arises out of the same transaction" or involves the same "operative facts." *Keith v. Aldridge*, 900 F.2d 736, 740 (1990). "Claims may arise out of the same transaction . . . even if they involve different harms or different theories or measures of relief." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986).

The Defendants argue that each element of the doctrine of *res judicata* is present here. Defs'. Mot to Dismiss 4-7. Vaeth counters that this Court's decision in *Vaeth I* was not "on the merits,"[15] and many of the Defendants were not in privity with the parties to the earlier litigation because they have been sued here in their individual capacities. Pl's. Resp. in Opp'n to Mot. to Dismiss 26-28.

---

[14] *Kayzakian v. Buck*, 865 F.2d 1258, 1988 WL 138438, at *2 (4th Cir. 1988) (unpublished). *But see Andrews v. Daw*, 201 F.3d 521, 526 (4th Cir. 2000) (government worker in his official capacity is not in privity with himself in his individual capacity because he does not represent "precisely the same legal right" in both capacities).

[15] Vaeth focuses on language in Judge Bennett's opinion that Vaeth's claims "all suffer[ed] from procedural flaws that prevent[ed] this Court from reaching the merits of his allegations." Resp. in Opp'n 26 (*citing Vaeth I*, 2009 WL 2487076, at * 3).

9

Vaeth's claims are *res judicata* as to all the Defendants but Nilson, Levy, and McGrath in their individual capacities. Although Judge Bennett said he would not reach "the merits of [Vaeth's] allegations,"[16] the Court rendered a final judgment on the merits by dismissing the case with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[17] Vaeth sued the City, Retirement System, and McGrath in his official capacity in *Vaeth I*; Taneyhill, Fugate, and Clack were in privity as agents of the Retirement System and City fire department. *See Kayzakian*, 1988 WL 138438, at *2. Vaeth raised the same claims in both actions. He has re-alleged violations of due process, equal protection, the ADA, and the Rehabilitation Act. His claims for fraud,[18] abusive discharge, abuse of discretion,

---

[16] *Vaeth I*, 2009 WL 2487076, at *3.

[17] Fed. R. Civ. P. 41(b) (unless a court otherwise specifies in its order, a dismissal on grounds other than lack of jurisdiction, improper venue, or failure to join a party "operates as an adjudication upon the merits"); *Frank v. Home Depot, U.S.A., Inc.*, 481 F. Supp. 2d 439, 442 (D. Md. 2007) (dismissal under Rule 12(b)(6) for failure to state a claim operates as an adjudication upon the merits). Judge Bennett's order was an adjudication on the merits. Order, *Vaeth I*, Case No. RDB-08-0708, ECF No. 62. The "characteristics that determine the extent of preclusion may have little to do with actual resolution of the merits." 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4435 (2d ed. 2002). "[I]t is clear that an entire claim may be precluded by a judgment that does not rest on any examination whatever of the substantive rights asserted." *Id*.

[18] Vaeth alleges both fraud and fraudulent concealment. Compl. 4, 24.

slander, and perjury are different theories of recovery but arise from the same transactions--the denial of benefits and Vaeth's termination; they are the same claim for purposes of *res judicata*.[19] See *Harnett*, 800 F.2d at 1314. The Court will dismiss all claims against the City, Retirement System, and Nilson, Levy, McGrath, Taneyhill, Fugate, and Clack in their official capacities.[20]

Although Vaeth's suit is not *res judicata* as to Nilson, Levy, and McGrath in their individual capacities, see *Daw*, 201 F.3d at 526, it fails for the reasons below.

### b. The ADA

Assuming that the ADA permits employment discrimination claims against individuals,[21] a civil action is allowed "only

---

[19] Because *res judicata* applies to all claims involving the City and its agents, the Court need not address the Defendants' argument that Vaeth failed to give adequate notice under the Local Government Tort Claims Act.

[20] Vaeth sued Taneyhill, Fugate, and Clack only in their official capacities. Compl. 1-2. He sued Nilson, Levy, and McGrath individually and in their official capacities. Compl. 1.

[21] Although the Fourth Circuit has held that individuals are not personally liable for retaliation under the ADA, *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999), it has not expressly held that the ADA bars personal liability for employment discrimination. Other circuits have found that the ADA precludes personal liability. *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *U.S. EEOC v. AIC Sec. Investigations*, 55 F.3d 1276, 1279 (7th Cir. 1995).

against the respondent named in the administrative charge" filed with the Equal Employment Opportunity Commission (the "EEOC")[22]. Thus, individual defendants are not subject to personal liability when an EEOC charge names only the City of Baltimore as the respondent. *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998). Vaeth's EEOC charge named the Baltimore City Fire Department. Defs'. Mot. to Dismiss, Ex. 4, at 3. Accordingly, the Court must dismiss Vaeth's ADA claim against Nilson, Levy, and McGrath individually.[23]

c. Rehabilitation Act

Section 504[24] of the Rehabilitation Act "does not permit actions against persons in their individual capacities."[25] Even

---

[22] *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 458 (4th Cir. 1988). Although *Alvarado* involved a complaint under Title VII of the Civil Rights Act of 1964, the ADA has the same procedural requirements. 42 U.S.C. § 12117(a).

[23] Because of this, the Court need not address the Defendants' argument that Vaeth's claim is time-barred.

[24] Because Vaeth does specify which section of the Act supports his claim, the Court assumes it is § 504, which covers recipients of federal assistance. 29 U.S.C. § 794. Section 503 covers federal contractors and provides no private right of action. *Painter v. Horne Bros., Inc.*, 710 F.2d 143, 144 (4th Cir. 1983) (per curiam); 29 U.S.C. § 793. Section 501 covers the federal government. 29 U.S.C. § 791.

[25] *McNulty v. Bd. of Ed. Of Calvert Cnty.*, DKC-03-2320, 2004 WL 1554401, at *6 (D. Md. 2004) (citing *Baird*, 192 F.3d at 472 (4th Cir. 1999)). Personal liability for retaliation is not allowed under Title II of the ADA, which incorporates the "remedies, procedures, and rights" provided in the Rehabilitation Act;

12

if it did, Vaeth has not alleged that Nilson, Levy, and McGrath individually receive federal assistance and are within the scope of § 504.[26] Thus, the Court must dismiss the Rehabilitation Act claim against these Defendants in their individual capacities.

### d. Fourteenth Amendment

"The Fourteenth Amendment does not create rights enforceable against private citizens . . . but only against the States."[27] Thus, Vaeth cannot sue Nilson, Levy, and McGrath individually for violations of the Due Process or Equal Protection clauses of the Fourteenth Amendment.[28] The Court must dismiss these claims.

### e. State Law Claims

The state law claims against Nilson, Levy, and McGrath individually also fail. Many are not timely. Vaeth's slander claim is time-barred because he did not sue within one year of

---

thus, personal liability must not exist under the Rehabilitation Act. *Id.* at *5-*6.

[26] Because of this, the Court need not address Defendants' argument that Vaeth's claim is time-barred.

[27] *Brzonkala v. Va. Polytechnic Inst. & State Univ.*, 169 F.3d 820, 863 (4th Cir. 1999) (*quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 945 (1982) (Powell, J., dissenting)).

[28] Because of this, the Court need not address the Defendants' argument that Vaeth failed to exhaust his administrative remedies.

the alleged defamation.[29] *See* Md. Code Ann., Cts. & Jud. Proc. § 5-105. His abusive discharge claim is untimely because he failed to sue within three years of his termination on December 28, 2002. Md. Code Ann., Cts. & Jud. Proc. § 5-101 (general three-year statute of limitations for civil actions). His fraudulent concealment claim is time-barred because he sued more than three years after his benefits were denied.[30] *Id.*

Vaeth's remaining allegations are not cognizable claims. The Court is aware of no cause of action for "abuse of discretion." Perjury is a misdemeanor that does not give rise to civil liability.[31] Md. Code Ann., Crim. Law § 9-101. Thus,

---

[29] Vaeth alleges that the City Solicitor's Office made "false and defamatory statements" to the Baltimore City Circuit Court. Compl. 4, 15. He has provided no dates of the alleged statements, but they must have been made before *Vaeth I* was removed from the city court in March 2008. Compl. 4.

[30] Vaeth provided no dates of the alleged fraudulent concealment but asserts that the Defendants "admit[ted] incomplete medical files that are associated with a member's respective injuries in an effort to deny them of their rightful Line of Duty disability benefits." Compl. 4-5. Vaeth was last denied benefits on August 31, 2003, more than three years before he brought this action.

[31] In Vaeth's seventh count, "fraud/perjury," he asserts that the City "intentionally withheld" information in an affidavit filed in *Vaeth I*. Compl. 24-25. He also asserts that, after he was fired, he "was treated as if his position had been abolished" when it had not. Compl. 25. To the extent Vaeth intended this second assertion as a separate fraud claim, the Court will dismiss it for failure to state a claim. "One of the required elements for relief against fraud is that the person allegedly defrauded *relied* upon the false representation." *Savings Banks Ret. Sys. v. Clarke*, 258 Md. 501, 506, 265 A.2d 921, 924 (1970)

the Court must dismiss all claims against Nilson, Levy, and McGrath individually.[32]

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss or for judgment on the pleadings will be granted, and Vaeth's motions for leave to disqualify defense counsel and for more time to reply to the Defendants' opposition to that motion will be denied as moot.

_10/3/11_
Date

_/s/ William D. Quarles_
William D. Quarles, Jr.
United States District Judge

---

(emphasis added). Vaeth has not shown how he relied on this alleged misstatement after his termination.

[32] Because the Court will dismiss Vaeth's suit, it will deny as moot Vaeth's motions to disqualify and for more time to reply.